DANIEL S. PEARSON, Judge.
The defendant contends that the trial court erred in admitting over his objection a photograph which was taken at the time of the defendant’s arrest and depicted the defendant as he appeared at the time of the commission of the crime. As the record clearly reflects, the sole probative value of this photograph was to demonstrate to the jury that appearances deceive, that is, that the defendant, who at trial was dressed in a three-piece suit, bespectacled, well-groomed, and scrubbed clean as a choirboy, was not always thus. We agree that the photograph was not admissible either as substantive or impeachment evidence because (a) the identification of defendant was not an issue at trial, and (b) the defendant’s neat courtroom appearance is not a basis for impeaching him by showing that at the time of the offense, or at any time before trial, he appeared otherwise.[1] However, we find that the error of admitting the photograph was harmless in light of (a) the defendant’s previous acquiescence in testimony from the arresting officer about the defendant’s appearance when the photograph was taken, (b) the non-inflammatory nature of the photograph,[2] and (c) other decisive evidence of the defendant’s guilt.
Affirmed.

. Merely by appearing in appropriate courtroom attire at trial, an accused cannot be said to have offered evidence of any trait of his character pertinent to the issues in the case so as to become subject to having that evidence rebutted by the State. See § 90.404, Fla.Stat. (1981). We do not, however, foreclose the possibility that there may be instances where the accused’s courtroom attire so dramatically symbolizes a pertinent trait of character as to be the functional equivalent of testimony as to that trait so as to invite rebuttal by the State.

. The robbery occurred on a beach in Key Biscayne. The photograph showed the defendant barechested.